SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8387 PA (JCx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | Francisco Cuadra, et al. v. Bank of New York, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

     Pursuant to the Court's Order dated January 7, 2009 remanding this action to Los Angeles Superior Court, the Court stayed the Order until January 19, 2009 to permit Plaintiffs an opportunity to waive the procedural defect of removing defendant Bank of New York ("Removing Defendant"). Removing Defendant was served with the Complaint on November 19, 2008, and removed on December 18, 2008. In its original Notice of Removal, Removing Defendant failed to join or explain the absence of co-defendant Quality Loan Service Corp. ("Co-Defendant"). Removing Defendant's failure to explain affirmatively the absence of Co-Defendant constituted a clear procedural defect. See 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999). Plaintiff did not waive the defect.

     Removing Defendant filed an Amended Notice of Removal on January 19, 2009, attaching a declaration from Co-Defendant's counsel consenting to the removal. "All defendants must join a notice of removal, and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (internal citations omitted) (emphasis added); 28 U.S.C. § 1446(b). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, Inc., 167 F.3d at 1266. Any defects in the removal can only be cured within that same period. Id. (finding that neither defendants' joinder in removal after the 30-day period nor defendants' challenge to the sufficiency of process satisfied the unanimity requirement). Because the defect was not cured within thirty days, Removing Defendant's Amended Notice of Removal is ineffective. See id.

     Accordingly, this action is remanded to Los Angeles Superior Court, Case No. BC402300. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.